IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC RATCLIFF, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION 06-0861-WS-M |
| | ) |
| HEAVY MACHINES, INC., | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on Defendant Heavy Machines, Inc.'s Motion for Summary Judgment (doc. 16).[1]  An Order (doc. 18) entered on April 25, 2007 directed any party opposing the Motion to file a response on or before May 23, 2007.  That deadline having expired with no opposition brief being filed, the Motion is now ripe for disposition.

**I.    Background.**

    The court file reflects that plaintiff Eric Ratcliff, by and through counsel, initiated this action by filing a Complaint in the Circuit Court of Dallas County, Alabama on June 27, 2006.  The Complaint purported to assert state-law causes of action for negligence and wantonness against named defendant, Heavy Equipment, Inc., and fictitious defendants ABC, DEF, HIJ, JKL, MNO, PQR, STU, VWX, and AA, and demanded judgment in the amount of $500,000 plus costs.  According to the Complaint, Ratcliff sustained on-the-job injuries on July 15, 2004 in the course of his employment for non-party International Paper in Selma, Alabama.[2]  In particular, Ratcliff alleges that an industrial forklift known as a Taylor Log Stacker 1000 ("TLS 1000") failed or malfunctioned while he was operating it, causing injuries to his back and to his right

---

    [1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

    [2]    Ratcliff does not purport to bring any claims against International Paper in these proceedings, and the summary judgment record confirms that he settled his workers' compensation claims against that entity in March 2006 in exchange for a lump-sum payment of $40,000.  (Doc. 16, at Exh. C.)

shoulder.  The Complaint seeks to hold defendants liable for Ratcliff's injuries because they "maintained, repaired, inspected, installed parts, attempted repair, contracted to maintain or altered" the TLS 1000.  (Complaint, ¶ 3.)  The Complaint further reflects that Ratcliff initiated this action pursuant to Alabama Code § 25-5-11, which permits a worker to bring an action against a third party whom he contends is jointly liable with his employer for an injury that would be covered by Alabama's workers' compensation scheme, and which states that the amount of damages in such a third-party action is ascertained without regard to workers' compensation principles.

On September 27, 2006, Ratcliff, by and through counsel, filed an Amended Complaint in state court, with the amendment reading in its entirety as follows: "Plaintiff amends his complaint by submitting Defendant Heavy Machines, Inc. [i]n place of fictitious defendant ABC and refiles the complaint for service."  (Amended Complaint, at 1.)  Heavy Machines had not previously been a defendant in this action, and there is neither argument nor evidence that Heavy Machines is in any way affiliated with, connected to, or an alter ego, alias or d/b/a of the previously named defendant, Heavy Equipment, Inc.  To the contrary, the uncontroverted evidence in the summary judgment record is that "Heavy Machines, Inc. does not, nor has it ever, done business under the name Heavy Equipment, Inc."  (Moseley Aff., at 1.)  Moreover, the pleadings confirm that plaintiff did not attempt to substitute Heavy Machines, Inc. for Heavy Equipment, Inc. as a defendant in these proceedings, but that he rather substituted Heavy Machines for fictitious defendant ABC, such that Heavy Equipment and Heavy Machines were co-defendants herein following the filing of the Amended Complaint.

Heavy Machines removed this action to this District Court on December 19, 2006 pursuant to 28 U.S.C. § 1332, alleging complete diversity of citizenship between plaintiff and all properly served and joined defendants.  Further, the $500,000 demand on the face of the Complaint revealed that the amount in controversy far exceeds the $75,000 jurisdictional minimum.  (*See* doc. 1.)³  On April 10, 2007, upon the consent and agreement of the parties,

---

³        Heavy Equipment did not join in the Notice of Removal; however, both its failure to do so and its citizenship are immaterial because it had not been served with process in this action.  *See, e.g., Air Starter Components, Inc. v. Molina*, 442 F. Supp.2d 374, 377 (S.D. Tex. 2006) ("Under the unanimity rule, all properly served defendants must timely join in or consent

plaintiff's claims against Heavy Equipment were dismissed without prejudice, leaving Heavy Machines as the only remaining defendant. (*See* doc. 13.) On April 25, 2007, Heavy Machines moved for summary judgment on the grounds that Ratcliff's claims against it are barred by the applicable statute of limitations and there is no genuine issue of material fact that might support a determination that Heavy Machines either negligently or wantonly failed to maintain the TLS 1000 properly. Upon the filing of the Motion for Summary Judgment, the undersigned entered an Order (doc. 18) setting forth a briefing schedule pursuant to which plaintiff's opposition brief was due on May 23, 2007. To date, however, plaintiff has failed to file a response, to request an enlargement of time, or in any way to acknowledge or address the pending Motion for Summary Judgment. The Court-ordered deadline for Ratcliff's opposition brief having passed in silence, there is no reason to tarry in taking the Motion under submission at this time.

## II.     Summary Judgment Standard.

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999

---

to the removal."); *Frankston v. Denniston*, 376 F. Supp.2d 35, 38 (D. Mass. 2005) ("As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition."); *GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1354 (S.D. Ala. 2003) ("a defendant that has not been served with process need not join in or consent to removal").

(11th Cir. 1992) (internal citations and quotations omitted). However, the mere existence of any factual dispute will not necessarily compel denial of a motion for summary judgment; rather, only material factual disputes preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004).

As noted, Ratcliff filed no response to the Motion. Contrary to defendant's suggestion in its Reply (doc. 20), summary judgment is not automatically granted by virtue of a nonmovant's silence.[4] Nonetheless, the Eleventh Circuit has provided clear guidance that a court is not obligated to read minds or to construct arguments or theories of relief that counsel have failed to raise and that are not reasonably presented on the face of the pleadings. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."); *see also Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 142 (3rd Cir. 2001) ("The ruling on a motion for summary judgment is to be made on the record the parties have actually presented, not on one potentially possible."); *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599. For that reason, Ratcliff's election not to proffer argument, evidence or authority in response to the Motion is made at his peril, and this Court will not devote scarce judicial resources to ferreting out every possible contention Ratcliff could have made, but chose not to make, in opposition to the Motion.

---

[4] *See, e.g.*, *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2nd Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true ..., the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law"); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment"); *but see Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988) (citing as "general rule" that "summary judgment was appropriate because the nonmovant, although faced with a summary judgment motion, chose not to respond to the motion at all").

**III.    Analysis.**

Plaintiff's negligence and wantonness claims are subject to Alabama Code § 6-2-38, which prescribes a two-year limitations period for such causes of action.  *See* Ala. Code § 6-2-38)(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Piazza v. Ebsco Industries, Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("Under Alabama law, claims for negligence are subject to a two-year statute of limitations.").[5]  Ratcliff sustained his injuries on July 14, 2004; therefore, the two-year limitations period commenced running that day.  *See generally Long v. Jefferson County*, 623 So.2d 1130, 1137 (Ala. 1993) ("A negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is apparent.").  There being no record facts or circumstances that might warrant tolling that deadline, Ratcliff was obligated to prosecute his claims against Heavy Machines on or before July 14, 2006 to comport with the applicable limitations period.  The potentially interesting wrinkle here is that Ratcliff filed his Complaint in state court against Heavy Equipment and certain fictitious entities on June 27, 2006, within the statutory period, but did not file an Amended Complaint substituting Heavy Machines for a fictitious defendant until September 27, 2006, nearly 11 weeks after the statute of limitations had run.

Although plaintiff's rationale for why his claims against Heavy Machines are not time-barred is difficult to discern because he has never articulated it in these proceedings, it appears

---

[5]     Although plaintiff nominally brought his claim under Alabama Code § 25-5-11, the law is clear that nothing in that section alters, amends or abrogates in any way the two-year limitations period promulgated by § 6-2-38.  *See Hubbard v. Liberty Mut. Ins. Co.*, 599 So.2d 20, 21-22 (Ala. 1992) (holding that third-party claims filed pursuant to § 25-5-11 are tort actions for damages, not claims for workers' compensation benefits, such that the two-year statute of limitations set forth in § 6-2-38(g) is applicable to third-party suits authorized under the Workers' Compensation Act); *Dudley v. Mesa Industries*, 770 So.2d 1082, 1084 (Ala. 2000) ("This Court has specifically held that a claim based on the provisions of § 25-5-11 is a tort claim for damages, and is not a claim for workers' compensation benefits.").  This conclusion is reinforced by the fact that § 6-2-38 includes a specific subsection providing a two-year limitations period for actions brought under § 25-5-11(b), which is the same statute, albeit not the same subsection, invoked by plaintiff here.  *See* Ala. Code § 6-2-38(g).

that Ratcliff would rely on Alabama principles of fictitious party pleading and the relation back doctrine to support the timeliness of his claims.  If the Amended Complaint relates back to the date of the filing of the original Complaint, then Ratcliff's claims against Heavy Machines are timely.  If it does not, then those claims fail a limitations analysis and are due to be dismissed as untimely.

As an initial matter, it is clear that Alabama law, rather than federal law, controls the question of whether the Amended Complaint relates back, inasmuch as the amendment predated the removal of this action to federal court.  *See Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400-01 (6th Cir. 2002) (opining that amended complaint filed in state court prior to removal must be examined under state version of relation-back rules, not the federal version, because federal rules applied only post-removal); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) (state law governs whether amended complaint relates back "because the relevant amendments and service of process preceded removal to federal court"). Under Alabama law, an amended pleading relates back to the date of its predecessor where "relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)."  Rule 15(c)(4), Ala.R.Civ.P.  In turn, Rule 9(h) sets forth Alabama courts' fictitious party practice in the following terms: "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."  Rule 9(h), Ala.R.Civ.P.

Reading Rules 9(h) and 15(c)(4) together, the Alabama Supreme Court has explained that a plaintiff may "avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. ... In order for the substitution to relate back, the plaintiff must have been ignorant of the true identity of the defendant and must have used due diligence in attempting to discover it." *Ex parte Chemical Lime of Alabama, Inc.*, 916 So.2d 594, 597-98 (Ala. 2005) (citation omitted).  "The correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously."  *Davis v. Mims*, 510 So.2d 227, 229 (Ala. 1987).  If that question is answered affirmatively, then relation back is not permitted.  Alabama courts have consistently refused to allow relation back on a fictitious party pleading rationale where the "ignorance" and

"due diligence" requirements are not satisfied. *See, e.g., Chemical Lime*, 916 So.2d at 599 (concluding that relation-back doctrine was inapplicable where plaintiffs did not exercise due diligence in naming defendant in place of fictitious defendant); *Pearson v. Brooks*, 883 So.2d 185, 191-92 (Ala. 2003) (plaintiff could not substitute defendants for fictitious parties after expiration of limitations period because she was not ignorant of their identities when she filed the original complaint); *Davis*, 510 So.2d at 529 (no relation back where it was apparent from record that plaintiff knew identities and general responsibilities of defendants at the time he filed the original complaint and that plaintiff was aware, or should have been aware, at that time that those entities were in fact the parties described fictitiously).

  Here, Ratcliff has never suggested, much less offered competent evidence, that he was ignorant of Heavy Machines' true identity at the time he filed his original Complaint in state court. Nor has he contended or presented evidence tending to demonstrate that he exercised due diligence in attempting to unearth Heavy Machines' identity in a timely fashion. Not only is there a dearth of evidence of ignorance or due diligence, but also the evidence of record is precisely to the contrary. Indeed, Heavy Machines submits discovery responses from plaintiff in this litigation wherein plaintiff appended a copy of a letter addressed to his then-counsel and dated September 6, 2005 (some nine months before the Complaint was filed and ten months before expiration of the applicable statute of limitations). This letter, which was sent from the manufacturer of the TLS 1000 equipment that allegedly malfunctioned on the date of plaintiff's injury, included the following pertinent statement: "International Paper contracted with Heavy Machines, Inc. to perform their daily machine maintenance" on the machine in question. (Doc. 16, at Exh. B.) Thus, the September 2005 letter, which plaintiff produced in discovery in this action, unambiguously establishes that, far from being ignorant of Heavy Machines' identity, Ratcliff had actual notice of it nearly a year before the statute of limitations expired. Not only that, but Ratcliff's discovery responses concede his contemporaneous knowledge of Heavy Machines' role in maintaining or repairing the TLS 1000. In particular, Ratcliff states that he had seen Heavy Machines working on that TLS 1000 before, that Heavy Machines was located on-site at his workplace, and that he had previously driven machines to the Heavy Machines shop. (Doc. 16, at Exh. B #21.) Given these admitted facts, Ratcliff clearly knew as of June 2006 that Heavy Machines was in fact the entity that his Complaint described fictitiously. These

circumstances negate any possible showing of "ignorance" and "due diligence," as required to qualify for relation back using Alabama's fictitious party rules.

Nor could any reasonable argument be made that this is a case of mistaken identity, that Ratcliff somehow confused Heavy Equipment for Heavy Machines, and that he added the latter to his pleadings in an attempt to supplant the former.  Even if plaintiff had propounded such a contention (which he has not), it would necessarily fail because Ratcliff's actions in filing his Amended Complaint confirm that he regarded Heavy Equipment and Heavy Machines as distinct entities and distinct defendants, rather than asserting that one was simply a mistaken identification of the other.  Significantly, the Amended Complaint reflects on its face that Heavy Machines was being substituted for fictitious defendant ABC, not for Heavy Equipment, and Heavy Machines and Heavy Equipment were co-defendants for approximately seven months before plaintiff consented to the dismissal of his claims against Heavy Equipment.  From this record, it is apparent that Ratcliff intended to rely on fictitious party relation back principles, and not on any notions of mistaken identity, in adding Heavy Machines to his pleadings after the statute of limitations had run.

In short, the summary judgment record leaves no doubt that Ratcliff's claims against Heavy Machines are untimely.  The statute of limitations expired more than two months before Ratcliff pleaded Heavy Machines into this action via his Amended Complaint.  Alabama fictitious party relation back principles cannot save these claims, inasmuch as the prerequisites of that rule – namely, that Ratcliff must have been ignorant of Heavy Machines' identity despite due diligence in attempting to ascertain it at the time of filing his Complaint – are unquestionably not satisfied here.  Based on this record, and in the absence of any argument, evidence or theory propounded by Ratcliff for why his claims against Heavy Machines might be deemed timely, the Court determines that his causes of action against Heavy Machines are time-barred by operation of Ala. Code § 6-2-38.[6]

---

[6] In light of this determination, it is unnecessary to reach Heavy Machines' alternative argument that there is insufficient evidence of negligence or wantonness to allow those claims to proceed.  Nonetheless, the Court notes that defendant's position is predicated on an overly narrow view of plaintiff's theory of liability and the summary judgment evidence. Defendant argues that there is no evidence that Heavy Machines had contracted to perform daily

**IV.     Conclusion.**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment (doc. 16) is **granted**, and plaintiff's claims against Heavy Machines are **dismissed with prejudice** as untimely under the applicable statute of limitations. A separate judgment will enter. In light of this determination, defendant's Supplemental Motion for Summary Judgment (doc. 21) is **moot**.

DONE and ORDERED this 20th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

maintenance and inspections of the TLS 1000, and offers an affidavit from a company representative to support its position. (Moseley Aff., at 1.) But there is an obvious factual dispute in the record on this question, as the manufacturer's letter of September 6, 2005 states that Heavy Machines had contracted to perform such daily services. (Doc. 16 at Exh. B.) Courts are ill-suited to resolve such conflicting evidence at the summary judgment stage. Besides, defendant assumes that plaintiff's negligence and wantonness theories hinge exclusively on a duty to perform daily maintenance and inspections, but this assumption is unwarranted. The pleadings are not so narrowly circumscribed, instead referring to negligence in maintenance, repairs or inspections generally, not just daily inspections or maintenance. Thus, plaintiff claims that Heavy Machines performed negligent or wanton maintenance or repair of the forklift, not necessarily that its negligence arose from a daily inspection obligation. And plaintiff states in his discovery responses that (i) he had personally seen Heavy Machines work on this equipment in the past; and (ii) Heavy Machines had previously replaced broken studs on the right wheel, but had performed that repair improperly, causing the wheel to fall off on the date of the accident. (*Id.*) This evidence suffices to create genuine issues of fact, and defendant would not be entitled to summary judgment on its argument concerning daily inspections and maintenance.