IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC RATCLIFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0861-WS-M |
| | ) |
| HEAVY MACHINES, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on the Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (doc. 26) filed by plaintiff Eric Ratcliff, by and through counsel of record.

**I.   Background.**

On April 25, 2007, defendant Heavy Machines, Inc. moved for summary judgment in this case on the grounds that, *inter alia*, Ratcliff's negligence and wantonness claims are barred by the two-year statute of limitations set forth in Alabama Code § 6-2-38(*l*). Upon the filing of defendant's Motion for Summary Judgment, the undersigned entered an Order (doc. 18) setting forth a briefing schedule pursuant to which plaintiff's opposition brief was due on May 23, 2007. Despite actual notice of the Rule 56 Motion and the accompanying briefing deadline, plaintiff never submitted a response, never requested an enlargement of time, and never in any way acknowledged or addressed the pending Motion for Summary Judgment.

Notwithstanding Ratcliff's failure to respond, the undersigned did not summarily rubberstamp the summary judgment motion "granted," but instead undertook an independent review and analysis of that motion and the grounds upon which it was predicated. In so doing, however, the Court took pains to point out that plaintiff's silence was at his peril, inasmuch as courts are not obligated to read minds or to construct arguments or theories of relief that counsel have failed to raise and that are not reasonably presented on the face of the pleadings. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the

materials before it on summary judgment."). After review, the Court concluded that the Rule 56 Motion was due to be granted on the grounds that plaintiff's claims were untimely under the applicable two-year statute of limitations. On June 20, 2007, the Court entered a 9-page Order (doc. 24) so holding, and dismissing the Complaint with prejudice.

More than three weeks later, Ratcliff filed the instant Rule 60(b)(6) motion asserting that "the law was misapplied by the Court in reaching its decision to dismiss this case in its entirety with prejudice." (Doc. 26, at 2.) The Memorandum appended to the Motion sets forth plaintiff's view that the proper limitations period for his wantonness claims under Alabama law is actually six years, not two years, such that "this court is duty bound to grant plaintiff relief from the judgment as entered and reinstate the wantonness count." (Memorandum, at 5.) Conspicuously absent from the Motion or the Memorandum is any explanation or excuse for plaintiff's failure to raise this argument during the 28-day period provided by the briefing schedule for the Motion for Summary Judgment, or any legal argument explaining why it is proper under Rule 60(b) for this point to be raised and considered for the first time now.

## II. Analysis.

Plaintiff contends that this Court is "duty bound" to grant him relief pursuant to Rule 60(b)(6), Fed.R.Civ.P.; however, he offers no analysis or explanation of how the cited rule applies to the circumstances outlined *supra*. The Eleventh Circuit has observed that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for any other reason justifying relief from the operation of the judgment, is intended only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (citation omitted).[1] Indeed, it is incumbent on the Rule 60(b)(6) movant to persuade the district

---

[1] *See also Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) ("Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."); *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy."); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) ("courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief") (citation omitted).

court "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion." *Toole*, 235 F.3d at 1316 (citation omitted). "[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *American Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 919-20 (11th Cir. 1996) (affirming denial of Rule 60(b)(6) motion where movant sought relief on the basis of a purported mistake of law that could have been raised on direct appeal); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ("the well-recognized rule ... precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal") (citation omitted); *Hodge v. Burlington Northern & Santa Fe Ry. Co.*, 461 F. Supp.2d 1044, 1054 (E.D. Mo. 2006) (disagreements on points of law are not extraordinary or exceptional circumstances for Rule 60(b)(6) purposes); *Cutler v. Lewiston Daily Sun*, 103 F.R.D. 172, 174 (D. Me. 1984) ("Error of law in the judgment of the district court is not a proper ground to give relief from a final judgment under Rule 60(b)(6).").

Numerous courts have concluded that a party's failure to take reasonable steps to protect its interests in litigation, as Ratcliff did by ignoring the Motion for Summary Judgment and the accompanying Court-ordered briefing schedule, do not amount to the sort of "extraordinary circumstances" that warrant the granting of relief under Rule 60(b)(6). *See, e.g., Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (opining that Rule 60(b)(6) "is not an appropriate place to slip in arguments that should have been made earlier").[2] This Court agrees.

---

[2] *See also Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (party seeking relief under Rule 60(b)(6) must show that circumstances beyond his control prevented him from proceeding with prosecution of action in a proper fashion); *United States v. One Rural Lot #11*, 2004 WL 528446, *1-2 (1st Cir. Mar. 18, 2004) (no Rule 60(b)(6) relief warranted where dismissal of plaintiff's claim on summary judgment was due entirely to plaintiff's own nonchalance, as a party may not ignore a district court order with impunity); *McCurry*, 298 F.3d at 596 (straightforward circumstances of attorney error and strategic miscalculation do not satisfy rigorous standard for Rule 60(b)(6) relief); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (plaintiff's failure to file response to motion for summary judgment does not warrant relief from judgment under Rule 60(b)(6) when plaintiff later attempts to respond); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2nd Cir. 1997) (counsel's failure to follow clear dictates of court rule concerning response to summary judgment motion is generally not a viable basis for Rule 60(b) relief); *Hodge*, 461 F. Supp.2d at 1054 (no basis for

Ratcliff knew that Heavy Machines had filed a motion seeking summary judgment on both the negligence and wantonness claims, premised on the notion that a two-year limitations period governed both sets of claims.  Ratcliff also knew that this Court entered a briefing schedule obligating him to file his opposition brief on or before a date certain if he wished to be heard, and cautioning him that "[f]ailure to respond to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial." (Doc. 18, at 2.)  Yet Ratcliff opted not to respond, for reasons that he has never attempted to explain.  Instead, he stood idly by for three months, until after the Court entered an adverse judgment on the Rule 56 motion.  Then, and only then, did Ratcliff offer his views on Heavy Equipment's Motion by taking potshots at the legal conclusions reached in the summary judgment order.  In the undersigned's view, this is an improper use of the Rule 60(b)(6) device, and falls far short of the types of extraordinary circumstances that are necessary to warrant the granting of relief on that basis.[3]

---

Rule 60(b)(6) relief where nothing in record shows that plaintiffs were prevented from presenting fully and completely all arguments pertaining to motion that led to adverse judgment); *Dynamic Changes Hypnosis Center, Inc. v. PCH Holding, LLC*, 306 B.R. 800, 811 (E.D. Va. 2004) ("Rule 60(b)(6) may not be used to relieve a party from its own failure to protect its interests."); *United States for use and benefit of Elec. Machinery Enterprises of Puerto Rico, Inc. v. Fraya, S.E.*, 170 F.R.D. 346, 350 (D.P.R. 1997) (fact that attorney is busy with other matters does not constitute extraordinary circumstance for purposes of Rule 60(b) motion where plaintiff failed timely to respond to summary judgment motion); *Cutler*, 103 F.R.D. at 175 (no extraordinary circumstances justifying Rule 60(b)(6) relief where plaintiffs failed to object to motion for summary judgment, and made no showing that such omission was attributable to excusable neglect); *Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 21 (D. Del. 1976) (Rule 60(b)(6) provides no aid to party who, by his own calculated choice, has put himself in position from which he seeks relief, and that rule cannot relieve party from duty to take legal steps to protect his interests).

[3]   Imagine what perverse incentives would be created if Rule 60(b)(6) could be harnessed with impunity to correct any perceived defect or error in an adverse ruling on a motion which the Rule 60(b) movant had simply decided to ignore.  In that scenario, litigants might find it most efficient to remain silent, conserving their resources and neglecting to respond to a dispositive motion.  If the Court "got it right" from that party's perspective, then the party could prevail without the expense and effort of preparing an opposition brief.  If the Court "got it wrong," however, then the party could rely on Rule 60(b)(6) to launch a surgical strike to correct any part of the Court's ruling which that party deemed erroneous.  Such a system would breed

This conclusion is well supported by this Circuit's jurisprudence concerning motions to reconsider, of which Ratcliff's motion is properly viewed as a variant. "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). It is well established in this Circuit that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F. Supp.2d at 1189; *see also Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp.2d 1378, 1379-81 (M.D. Ga. 2001) (similar). These principles are fatal to Ratcliff's Motion.

Leaving aside the inappropriateness of invoking Rule 60(b)(6) in these circumstances, the Court is not at all convinced that the June 20 summary judgment ruling contained an error of law. Ratcliff maintains that the June 20 Order erroneously ascribes a two-year statute of limitations to wantonness claims under Alabama law. Plaintiff cites *McKenzie v. Killian*, 887 So.2d 861 (Ala. 2004), in support of the proposition that the appropriate limitations period for wantonness claims under Alabama is six years, not two years. But in at least two cases postdating *McKenzie*, the Alabama Supreme Court has applied a two-year statute of limitations to wantonness claims. *See Boyce v. Cassese*, 941 So.2d 932, 946 (Ala. 2006) ("We readily

---

inefficiencies and delays, effectively shifting burdens from litigants to courts to make a non-movant's arguments for it or be forced to rehear the issue on a Rule 60(b)(6) motion. It is therefore improper to use Rule 60(b)(6) as a platform for voicing legal arguments that could and should have been presented previously.

dispose of the Boyces' negligence and wantonness claims ... because those claims are barred by the two-year statute of limitations established in § 6-2-38, Ala. Code 1975."); *Gilmore v. M&B Realty Co., L.L.C.*, 895 So.2d 200, 207-08 (Ala. 2004) (applying two-year statute of limitations under Ala. Code § 6-2-38(*l*) to plaintiffs' negligence and wantonness claims). *Boyce* is particularly interesting because it was decided unanimously by all nine justices of the Alabama Supreme Court on application for rehearing; thus, whatever *McKenzie* may or may not say, the entire high court of the State of Alabama appears to agree with the April 20 Order that the Alabama limitations period governing a wantonness cause of action is two years. As such, even if it were procedurally proper for Ratcliff to raise his Rule 60(b)(6) motion under the circumstances outlined herein, plaintiff's mere citation to *McKenzie* does not justify relief from judgment because more recent Alabama Supreme Court cases apply the same two-year limitations period to wantonness claims that this Court utilized in the April 20 Order.

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) (doc. 26) is **denied**.

DONE and ORDERED this 17th day of July, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE